**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

Case No.: 2:23-cv-00245-SPC-KCD

JOHN DOE,

    Plaintiff,

vs.

FLORIDA GULF COAST UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.

_____/

**PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

COMES NOW, Plaintiff, John Doe, by and through his undersigned counsel, and moves this Honorable Court to proceed anonymously during the instant case, up to the point of trial, and in support states:

**BACKGROUND AND FACTS**

1. This is a Title IX discrimination case, that includes claims for violations of due process and breach of contract.

2. The factual basis underlying this case is a claim of sexual harassment against Plaintiff by a student enrolled at Defendant's university.

3. Plaintiff's Complaint includes the following information and documents:

    a. Information related to the explicit sexual relations between Plaintiff and his on-and-off girlfriend (who is also his accuser, hereinafter referred to as "Jane Roe" or "Roe");

    b. Text messages between Plaintiff and Roe where they speak about their sexual encounters;

    c. Text messages between Plaintiff and Roe regarding alleged transmission of sexually transmitted infections;

    d. Text messages describing medications Jane Roe took related to her mental health;

    e. Text messages between Plaintiff and Roe where they both possibly admit to drinking alcohol and taking drugs on several different dates;

    f. Defendant's official determinations, which are currently at issue in this case; that Plaintiff committed sexual harassment (which Plaintiff vehemently denies).

4. Both Plaintiff and his accuser were both college students at the time these events occurred.

5. Plaintiff has not yet been subjected to any criminal investigation or proceeding related to these accusations.

6. Given the highly sensitive and personal information involved in this case, and based on the arguments presented below, Plaintiff respectfully requests that this Court enter an Order granting his request to proceed anonymously.

## ARGUMENT

### I. Legal Standard

Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." This creates a strong presumption in

favor of the parties' proceeding in their own names. Defendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011).

Nonetheless, the rule is not absolute. A party may proceed anonymously in a civil suit in federal court by showing that he "has a substantial privacy right which outweighs the "customary and constitutionally embedded presumption of openness in judicial proceedings." *Id*. at 1315-16; quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

In evaluating whether plaintiff has shown that he has such a right, the court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Francis* at 1316.

The first step in analyzing a plaintiff's claim of a substantial privacy right is to look at the three factors analyzed in *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (hereinafter referred to as "*SMU*") and *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).

The Court in *Francis* stated the factors as, "First, are the plaintiffs seeking anonymity challenging government activity? Second, will they be required to disclose information of the utmost intimacy? Third, will the plaintiffs be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution?" *Francis* at 1316.

The *Stegall* court went on to clarify that the three-part test was only the first step in evaluating whether to let a plaintiff proceed to trial anonymously. In addition, courts have considered factors such as whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names (see *Stegall* at 186), and whether their anonymity posed a unique threat of fundamental unfairness to the defendant. *SMU* at 713).

## II. Plaintiff meets nearly all of the factors in favor of proceeding anonymously.

### a. The Plaintiff is challenging government activity.

Defendant is a member of the Florida State University System, governed by Chapter 1001, Florida Statutes. Accordingly, Defendant is a state agency which belongs to and is a part of the executive branch of the state government. F.S. § 1001.705(1)(d).

Here, Plaintiff is challenging Defendant's actions in investigating the claim of sexual harassment made against him by another student, alleging that Defendant violated procedural due process, alleging that Defendant breached a contract between the parties in their handling of the claim, and alleging that Defendant discriminated against Plaintiff, in violation of Title IX. Clearly, the first factor is met here.

### b. Plaintiff (and his accuser) will be required to disclose information of the utmost intimacy.

If not allowed to proceed anonymously, Plaintiff will unquestionably be required to disclose information of the utmost privacy. As detailed above, this includes information regarding (1) the sexual activity between Plaintiff and Roe; (2) allegations regarding the transmission of sexually transmitted infections; (3) text messages where Doe describes drinking alcohol and taking drugs, both of which may have been illegal at the time; (4) Defendant's determinations (which Plaintiff is challenging in this case) that Plaintiff committed the act of sexual harassment.

Clearly, these issues pertain to the utmost privacy of both Plaintiff and his accuser. The information and documents involve sexual relations, confidential medical information, and potential admissions of what could be construed as criminal activity (discussed further below). Moreover, compelling Plaintiff to reveal his identity in publicly filed documents would subject him to undue embarrassment and potentially significant harm, both personally and financially, for an act that he denies making and that is under review in this case. Plaintiff is currently a young man seeking his first job after graduating, and these records may come up in a public records search for potential employers to examine. As a result, compelling the reveal of his identity at this stage may very well cost Plaintiff for years to come.

In making this Motion, Plaintiff also agrees to maintain and keep confidential the identity of Jane Roe throughout the pleadings and in all publicly filed documents, and to appropriately redact those documents containing identifying information which may be used to support a motion or pleading.

### c. Plaintiff will be compelled to admit to illegal conduct and risk criminal prosecution.

As discussed herein, many of the text messages between Plaintiff and Jane Roe, along with documents Defendant generated during the investigation process recounting Plaintiff and Jane Roe's testimony and text messages, contain potential admissions that both Plaintiff and Jane Roe were under the influence of drugs and alcohol at various times during their relationship. These admissions could lead to criminal investigation and prosecution, which militates heavily in favor of granting Plaintiff anonymity under the *SMU* and *Stegall* analysis.

### d. Plaintiff's anonymity poses no threat of unfairness to Defendant whatsoever.

In this case, Defendant is well aware of Plaintiff's actual identity. Because Plaintiff was a student at Defendant's university, they have his full name, social security number, contact information, and all other identifying information. Accordingly, there is no actual or potential threat of unfairness to Defendant or advantage to Plaintiff by allowing him to proceed anonymously up to the point of trial.

### III. The Eleventh Circuit and Florida District Courts have previously granted motions to proceed anonymously in Title IX cases.

In an almost factually identical case, the Middle District held that the factors stated in the *Francis B* case weighed in favor of allowing the plaintiff to proceed anonymously, and granted his request to do so over Defendant's objection. *Doe v. Rollins College*, 6:18-cv-1069-Orl-37KRS, 2018 WL 11275374, at *3 (M.D. Fla. Oct. 2, 2018) (hereinafter referred to as *Rollins*).

In *Rollins*, as in this case, the plaintiff was a male student who claimed he had been falsely accused of sexual misconduct of another student, and thereafter filed suit in federal court against the university for violations of Title IX (specifically, gender discrimination in the university's investigation and adjudication of the allegations against him).

After filing his complaint using a pseudonym, the defendant filed a motion to require plaintiff to proceed under his legal name. The Court, finding for the plaintiff, held, in pertinent part, "This case raises serious allegations of sexual assault, which are matters that are of a sensitive and personal nature that can be construed as matters of 'utmost intimacy.'" *Rollins* at *4, citing *Doe v. Univ. of St. Thomas*, No. 16-cv-1127-ADM-KMM, 2016 WL 9307609, at *2 (D. Minn. May 25, 2016). Moreover, the Court held "The Court is persuaded that in this case, Plaintiff may be required to disclose information of the utmost intimacy." *Rollins* at *4.

The Court went on to find, in addition, that "requiring Plaintiff to disclose his true identity could cause the type of harm his complaint seeks to redress: harm

7

to his reputation and future prospects based on a permanent, public link to these sexual assault allegations." In short, the *Rollins* case is factually identical to the instant case, and the arguments presented by the plaintiff in *Rollins* are identical to those being presented herein.

In another Title IX case brought by a female victim of sexual assault, the Northern District of Florida also found in the plaintiff's favor upon her motion to proceed anonymously, using the same rationale as the court in *Rollins*. See *S.B. v. Florida Agricultural and Mechnical University Board of Trustees*, 4:16-cv-613-MW/CAS, 2018 WL 11239720 (N.D. Fla. 2018).

## CONCLUSION

When analyzing all of the relevant factors, it is clear that Plaintiff should be allowed to proceed anonymously during this case, up to the point of trial. Plaintiff is challenging government activity; Plaintiff will be required to disclose information of the utmost privacy; Plaintiff (and his accuser) will likely be compelled to admit to engaging in illegal conduct; Plaintiff and his accuser were both at an extremely young age at the time of the conduct in question; and, last, there is no threat of any unfairness to Defendant by allowing Plaintiff to proceed anonymously.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an Order granting the relief requested herein, and granting any such further relief that the Court deems just and appropriate.

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

Pursuant to L.R. 3.01(g), the undersigned conferred with counsel for Defendant regarding the issues discussed herein, who indicated that they opposed the relief requested.

DATED this 29th day of June, 2023, and respectfully submitted by:

*/s/ Nicholas J. Castellano, II*
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601
E-Mail: nick@buckmanandbuckman.com

**BUCKMAN & BUCKMAN, P.A.**
2023 Constitution Blvd.
Sarasota, FL 34231
Telephone:  (941) 923-7700
Fax:             (941) 923-7736

*/s/ Kevin M. Griffith*
Kevin M. Griffith, Esq.
Florida Bar Number: 0102647
E-Mail: kgriffith@mcintoshlaw.biz

**MCINTOSH LAW**
766 Hudson Ave., Suite B
Sarasota, FL 34236
Telephone:  (941) 364-8002
Fax:             (941) 957-0706

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 29, 2023, a copy of the foregoing was filed with the Clerk of Court by using the CM/ECF electronic filing system, which automatically distributes am electronic copy to all counsel of record.

*/s/ Nicholas J. Castellano, II*
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601