UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN DOE,

    Plaintiff,

v.                                           Case No.: 2:23-CV-00245-SPC-KCD

FLORIDA GULF COAST UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO PROCEED ANONYMOUSLY**

Defendant Florida Gulf Coast University Board of Trustees (the "University" or "Defendant") hereby responds in opposition to Plaintiff's Motion to Proceed Anonymously (Dkt. No. 21; Motion). Plaintiff's Motion must be denied, and this Court dismiss the Complaint, filed anonymously, and require Plaintiff to litigate in his real name. Plaintiff's purely personal interest in remaining anonymous does not outweigh "the customary and constitutionally-embedded presumption of openness in judicial proceedings." Plaintiff B v. Francis, 631 F.3d 1310, 1315-16 (11th Cir. 2011).

**MEMORANDUM OF LAW**

**I.   The Federal Rules of Civil Procedure Permit Anonymous Litigation Only in Exceptional Cases**

Federal Rule of Civil Procedure 10(a) requires a complaint to name all the parties. Likewise, Rule 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Accordingly, "parties to

a lawsuit must identify themselves in their respective pleadings." Doe v. Frank, 951 F.2d 320, 322 (11th Cir. 1992). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." Plaintiff B, 631 F.3d at 1315. "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981).[1] Therefore, a plaintiff may proceed under a fictitious name only in exceptional cases. Frank, 951 F.2d at 323; see also Plaintiff B, 631 F.3d at 1315 (quoting Doe v. Smith, 429 F.3d 706, 710 (7th Cir. 2005) for the proposition that it is "the defendant, and not the plaintiff, who faces disgrace if the complaint's allegations can be substantiated") (alteration accepted)). There is a heavy presumption favoring openness and transparency in judicial proceedings. See Frank, 951 F.2d at 324. As the Eleventh Circuit explained:

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

Id.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc ), the Eleventh Circuit court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

A plaintiff may proceed anonymously if he can show "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." Plaintiff B, 631 F.3d at 1315–16 (quotation marks omitted). To determine whether the plaintiff's privacy right outweighs the presumption of openness, the court must consider all circumstances, including, but not limited to: (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff will have to "disclose information of the utmost privacy"; and (3) whether the plaintiff will have to risk criminal prosecution by admitting his intention to engage in illegal conduct. Id. at 1316. However, the presence of any one factor is not dispositive. Frank, 951 F.3d at 323. Instead, courts must carefully review all of the circumstances of a case to decide "whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." Id.

As set forth below, Plaintiff has failed to establish that his privacy interest warrants denying the public access to the identity of the parties to this lawsuit and the prosecution of this case by the real parties in interest. This case is not unusual, extraordinary, or exceptional. Instead, it is a routine case purporting to bring a claim of discrimination, which are frequently filed in this Court.[2] Plaintiff has failed to meet his burden to overcome the public's legitimate, constitutionally-protected interest in

---

[2] According to statistical information maintained by the Administrative Office of the United States Courts, in the twelve-month period ending on June 30, 2022, there were 63 non-prisoner civil rights cases filed in this district. (See https://www.uscourts.gov/statistics/table/c-3/statistical-tables-federal-judiciary/2022/06/30).

the prosecution of this action and the heavy presumption in favor of openness and transparency in judicial proceedings.

II. **Plaintiff Fails to State a Compelling Privacy Interest or Risk of Actual Harm to Justify the Rare Allowance of Anonymous Litigation**

   A. **Challenging Government Activity Does Not Weigh in Favor of Anonymous Litigation**

Relying on the three factors described in Plaintiff B, Plaintiff first argues that he is challenging government activity, and that this weighs in favor proceeding anonymously. Not so. Indeed, the Eleventh Circuit has rejected such an argument. Frank, 951 F.2d at 324 ("[T]he fact that Doe is suing the Postal Service does not weigh in favor of granting Doe's request for anonymity."). The operative principle is that a suit against a private party weighs in favor of denying a plaintiff's request for anonymity. Id. "While suing a private defendant gives more reason not to grant the plaintiffs' request for anonymity, the Eleventh Circuit has never held that there is more reason to grant a plaintiff's anonymity if the plaintiff is suing the government." Doe #1-#14 v. Austin, No. 3:21-CV-1211-AW-HTC, 2021 WL 10395929, at *1 (N.D. Fla. Dec. 1, 2021) (internal quotations omitted); see also Stegall, 653 F.2d at 186 ("[I]n only a very few cases challenging governmental activity can anonymity be justified.").

That Plaintiff is challenging governmental action here merely means that Defendant may not operate under the same threat of reputational damage that private defendants face. See Frank, 951 F.2d at 324. This fact, however, does not change the public's interest in a transparent and open proceeding, which is the same regardless of whether the defendant is a private or public entity. Furthermore, as a judge of this

4

district has held: "While the college is alleged to be a public college and political subdivision, it is not the 'government' in the traditional sense." Doe v. Valencia Coll., No. 615CV1800ORL40DAB, 2015 WL 13739325, at *2 (M.D. Fla. Nov. 2, 2015) (declining to permit a student to proceed anonymously in an action challenging disciplinary proceedings in which the student was sanctioned for sexual harassment and other misconduct). Accordingly, the identity of the defendant does not support anonymous litigation of this case.

### B. Plaintiff Will Not Be Required to Disclose Information of the Utmost Intimacy

#### 1. Disclosure of Sexual Misconduct Does Not Involve Information of the "Utmost Intimacy"

Next, Plaintiff argues that he will be required to disclose information of the utmost intimacy, including the sexual activity between Plaintiff and the complaining student and Defendant's determination that Plaintiff committed sexual misconduct. This information is not "of utmost intimacy" that outweighs the constitutionally-protected presumption of openness in judicial proceedings as described by the Eleventh Circuit.[3] The Eleventh Circuit has recognized that the "information of utmost intimacy" standard applies to cases with issues involving abortion, prayer, and

---

[3] Plaintiff also states that he will be required to disclose information regarding the transmission of sexually transmitted infections and text messages where he describes drinking alcohol and taking drugs. Based on the information Plaintiff already filed, the information regarding sexually transmitted infections does not relate to him. See Investigative Report (Dkt. No. 1-2) at 3. Additionally, information regarding Plaintiff's alcohol and drug use is not "information of utmost intimacy" under Eleventh Circuit precedent described herein.

personal religious beliefs. Plaintiff B, 631 F.3d at 1316 (citing Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001); Stegall, 653 F.2d at 186); see also Austin, 2021 WL 10395929, at *2 ("Rather, the utmost-intimacy factor concerns cases involving issues like abortion, exploitation in child pornography, or the like."). None of these issues are implicated in this case.

The Eleventh Circuit has recognized that "courts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to 'suffer some personal embarrassment.'" Plaintiff B, 631 F.3d at 1316 (citing Frank, 951 F.2d at 324; Doe v. Del Rio, 241 F.R.D. 154, 159–62 (S.D.N.Y. 2006) (holding that plaintiffs alleging sexual abuse by police officer could not proceed anonymously); Doe v. Shakur, 164 F.R.D. 359, 360–62 (S.D.N.Y. 1996) (denying motion by plaintiff suing hip-hop artist for brutal sexual assault requesting to remain anonymous)). Indeed, in a case involving sexual assault of a plaintiff by an officer while the plaintiff was incarcerated in jail, the Eleventh Circuit determined that disclosure of the sexual assault did not involve information of the "utmost intimacy" as the court has defined it, and affirmed the denial of the motion to proceed anonymously. See Doe v. Sheely, 781 F. App'x 972, 974 (11th Cir. 2019); see also Doe v. Ocean Reef Cmty. Ass'n, No. 19-10138-CIV, 2019 WL 5102450, at *1 (S.D. Fla. Oct. 11, 2019) (denying motion to proceed anonymously in action asserting sexual assault, battery, and intentional infliction of emotional distress).

Consistent with such reasoning, many courts have concluded that a plaintiff is not entitled to proceed anonymously in cases involving university sexual misconduct findings. See, e.g., Doe v. Samford Univ., No. 2:21-CV-00871-ACA, 2021 WL 3403517, at *2 (N.D. Ala. July 30, 2021) (denying motion to proceed anonymously in a Title IX action where plaintiff alleged that he did not engage in sexual misconduct, but instead that the sexual encounter was consensual, and that gender bias is the reason the university found him responsible); Doe v. Valencia Coll., No. 615CV1800ORL40DAB, 2015 WL 13739325, at *1 (M.D. Fla. Nov. 2, 2015) (denying motion to proceed under a pseudonym in action challenging college disciplinary hearing with respect to allegations of physical abuse and sexual assault); see also Doe v. Weber State Univ., No. 1:20-CV-00054-TC-DAO, 2021 WL 5042849 (D. Utah Oct. 29, 2021) (denying plaintiff's motion to proceed by pseudonym in a claim under Title IX against a university where plaintiff alleged professor inappropriately touched and sexually harassed student); Doe v. Rider Univ., No. 16-4882 (BRM), 2018 WL 3756950, at *1-2, 6 (D.N.J. Aug. 7, 2018) (denying plaintiffs request to proceed under a pseudonym in a case involving allegations that the plaintiff had been found responsible for sexual assault); Doe v. Temple Univ., No. CIV.A. 14-04729, 2014 WL 4375613, at *2 (E.D. Pa. Sept. 3, 2014) (denying the plaintiff's request to proceed under a pseudonym, holding that there "are many examples of plaintiffs proceeding with suits in their own names protesting sexual assault discipline from universities," and citing several such examples); F.B. v. E. Stroudsburg Univ., No. 3:09CV525, 2009 WL 2003363, at *3 (M.D. Pa. July 7, 2009) (declining to allow the plaintiffs to proceed by

7

pseudonym in a Title IX and civil rights action alleging that, when students, they were sexually assaulted and harassed by the former university vice president).

Plaintiff cites two non-binding cases where the court granted a motion to proceed anonymously in a Title IX case: Doe v. Rollins College, 6:18-cv-1069-Or1-37KRS, 2018 WL 11275374, at *3 (M.D. Fla. Oct. 2, 2018); and S.B. v. Florida Agricultural and Mechanical University Board of Trustees, 4:16-cv-613-MW /CAS, 2018 WL 11239720, at *1-2 (N.D. Fla. 2018). S.B. is distinguishable because it involved a plaintiff who alleged she was the victim of multiple rapes, and the court found "no legitimate public interest in outing a rape victim in a Title IX case." S. B., 2018 WL 11239720, at *2. Moreover, in S.B., the defendant did not object to Plaintiff proceeding anonymously for more than ten months. Id. at *1 ("After nearly ten months of cooperating with Plaintiff in this regard, Defendant has moved to dismiss pursuant to Federal Rule of Civil Procedure 10."). Here, Defendant raised its objection to Plaintiff's failure to identify himself in its first pleading. (See Defendant's Motion to Dismiss (Dkt. No. 14)). It is Plaintiff who delayed in filing this Motion, not Defendant in raising the failure to comply with Rule 10.

Likewise, the Rollins is also inapposite. In Rollins, the court did not have the benefit of subsequent Eleventh Circuit and district court decisions, such as Sheely, 781 F. App'x at 974 and Samford Univ., 2021 WL 3403517, at *2, reaffirming that allegations of sexual assault are not "information of utmost intimacy." Thus, the court relied on contrary opinions from courts outside the Eleventh Circuit in reaching its decision in Rollins, which cannot and should not be followed by this Court. See

Rollins Coll., 2018 WL 11275374, at *4 (citing Doe v. Univ. of St. Thomas, No. 16-cv-1127-ADM-KMM, 2016 WL 9307609, at *2 (D. Minn. May 25, 2016)).

These two nonbinding cases cannot override binding Eleventh Circuit precedent as well as the overwhelming weight of authority that allegations regarding sexual assault, personal fear of humiliation and embarrassment, or the threat of economic harm are insufficient reasons to allow a party to litigate anonymously. This is especially true in this case where the issue is not whether a sexual assault occurred. (See Defendant's Motion to Dismiss at 23 ("This Court can and should only be concerned with whether discrimination occurred in violation of a federal statute and not whether the decision-maker 'got it right.'")).

### 2. The Truth of the Sexual Misconduct Allegations Is Not At Issue

Further, whether Plaintiff committed sexual misconduct is not before the Court. (See Motion to Dismiss at 22-25). Instead, the issue is whether Defendant discriminated against Plaintiff. The claims in this case (violations of procedural due process rights pursuant to 42 U.S.C. § 1983, a violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), and breach of contract) concern Defendant's disciplinary proceedings in response to the complaining student's report of alleged student-on-student sexual harassment. The claims do not litigate what occurred between Plaintiff and the complaining student, but instead turn on the University's actions based on the information known at the time it made its decision. Cf. Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 648 (1999) (concluding that a university is liable under Title IX only when the university's "response to the

9

harassment or lack thereof is clearly unreasonable in light of the known circumstances.").

The "erroneous outcome" standard cited in Plaintiff's complaint is an artificial imposition of a substantive requirement on universities that is not supported by the plain language of Title IX or the United State Supreme Court precedent recognizing a private right of action under Title IX.[4]  This standard improperly suggests the court should focus on the correctness of the outcome of the disciplinary proceedings, rather than the existence of gender bias prohibited by Title IX.  That approach is inconsistent with Title IX, as well as the body of binding precedent recognizing that courts must give deference to the educational decisions of college administrators.

Specifically, the standard's focus on whether an accused student is "wrongly found to have committed an offense" is contrary to the Supreme Court's instruction that courts should not second-guess decisions of school administrators or advocate for a particular outcome.  See Davis, 526 U.S. at 648-49 ("Title IX is not an invitation for courts to second-guess disciplinary decisions of colleges or universities.").  Rather, Title IX should be construed to give "[s]chool administrators . . . the flexibility they require" to initiate a reasonable disciplinary response.  Id.  The court can and should only be concerned with whether discrimination occurred in violation of a federal

---

[4] The "erroneous outcome" theory of liability under Title IX originated with the Second Circuit's opinion in Yusuf v. Vassar College, 35 F.3d 709 (2d Cir. 1994), which pre-dated the Supreme Court's decision in Davis. Under that theory, a student must show both that he was innocent and wrongly found to have committed an offense and that there is a causal connection between the flawed outcome and gender bias.

statute, and not whether the decision-maker "got it right." Jones v. Gerwens, 874 F.2d 1534 (11th Cir. 1989); Nix v. WLCY Radio/Rahall Comm., 738 F.2d 1181 (11th Cir. 1984).

Indeed, in Doe v. Samford Univ., 29 F.4th 675 (11th Cir. 2022), the Eleventh Circuit addressed the threshold question of the legal framework for establishing a violation of Title IX in the context of university disciplinary proceedings. The court refused to adopt the erroneous outcome standard and, instead, described the framework (in the context of a motion to dismiss) as "whether the alleged facts, if true, permit a reasonable inference that the university discriminated against [plaintiff] on the basis of sex." Samford Univ., 29 F.4th at 686–87 (11th Cir. 2022).

Therefore, the intimate details of what, in fact, occurred between Plaintiff and the complaining student are not at issue. Whether Plaintiff committed sexual harassment or misconduct is not before the Court. The only question before the Court is whether the University discriminated against Plaintiff. As recognized in Davis, this is a consideration of whether the University's response was clearly unreasonable in light of the known circumstances. Accordingly, the "utmost intimacy" factor does not support anonymous litigation of this case or outweigh the heavy presumption in favor of an open proceeding in this Court.

### C. Plaintiff Failed to Identify a Legitimate Risk of Criminal Prosecution

Plaintiff claims that he will potentially admit that he was under the influence of drugs and alcohol at various times, which could lead to criminal investigation and prosecution. Presumably, Plaintiff speculates that there is a risk of prosecution for

11

unlawful possession of alcoholic beverages, a second-degree misdemeanor under section 562.111(1), Florida Statutes; and possession of marijuana, a first-degree misdemeanor under section 893.13, Florida Statutes. The statute of limitations for a second-degree misdemeanor is one year, and the statute of limitations for a first-degree misdemeanor is two years. Fla. Stat. § 775.15(c), (d). Plaintiff does not allege that the student conduct complaint against him has ever been considered a criminal matter, that there have been criminal charges against him, or that criminal charges are forthcoming. Criminal prosecution for Plaintiff's drug and alcohol use in 2019 is not only unlikely—it is impossible. Thus, the "criminal prosecution" factor does not weigh in favor of restricting public access in this proceeding.

### D. The Public, the Court, and Defendant and its Employees Are Prejudiced by Anonymous Litigation

Finally, Plaintiff argues that because Defendant is aware of Plaintiff's identity, there is no actual or potential threat of unfairness to Defendant or advantage to Plaintiff by allowing him to proceed anonymously to trial. Plaintiff's argument ignores the risk of unfairness to the opposing party in anonymous litigation, even when the defendant knows the plaintiff's identity. Fundamental fairness suggests that defendants are prejudiced when required to defend themselves publicly while plaintiffs make accusations from behind a cloak of anonymity. See Rapp v. Fowler, 537 F. Supp. 3d 521, 530–32 (S.D.N.Y. 2021). "[A]nonymity provides a shield behind which defamatory charges may be launched without shame or liability." Doe v. Smith, 429 F.3d 706, 710 (7th Cir. 2005).

12

More importantly, Plaintiff ignores altogether the impact to the public and the transparency of the judiciary by allowing him to use a fictitious identity. Indeed, given that this is a routine case alleging discrimination and there are no exceptional circumstances present, such a ruling serves to substantially harm the public by denying public access to this proceeding and similar cases alleging discrimination as a matter of course. Neither the Court nor the public's interest are served when judicial proceedings are cloaked in secrecy. (See, e.g., Local Rule 1.11, which recognizes the compelling circumstances are needed to seal proceedings from the public).

Plaintiff has publicly accused Defendant of discrimination—including individual employees of Defendant named in the Complaint. Defendant and these individuals have had their names placed in the public domain, but do not have the option of proceeding anonymously. Plaintiff seeks to fill the public record anonymously with his version of the facts, including conclusory allegations of discrimination against administrators identified by name, which could harm their reputations even after Plaintiff's allegations are shown to be meritless. While doing so, Plaintiff wants to remain cloaked in anonymity solely for his personal reasons and benefit. Allowing Plaintiff to proceed anonymously would also substantially harm the public and its constitutional right of access. Courts only abide such harm in exceptional circumstances, and Plaintiff has not shown that this is one of those special cases.

### E. No Other Circumstances Support Anonymous Litigation

In addition to the factors addressed above, a court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." Plaintiff B, 631 F.3d at 1316. For example, the Eleventh Circuit has also considered "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." Id. (citations omitted). Plaintiff has not addressed any of these factors. Plaintiff is not a minor and was not a minor at the time of the allegations in the Complaint. Plaintiff has not alleged that he has been threatened with violence or physical harm.

Plaintiff claims that revealing his identity in publicly-filed documents would subject him to undue embarrassment and potentially significant harm, both personally and financially, as these records *may* come up in a public records search for potential employers to examine. Resting on its own, this conclusory statement carries no weight. Plaintiff cites no specific evidence nor provides any affidavits or declarations in support of these vague allegations. Moreover, this assertion could be made in any discrimination case, which, if sufficient, would warrant concealing a large part of the Court's docket from the public.

Instead of establishing exceptional circumstances, Plaintiff's concerns are simply a fear of personal embarrassment and his argument does not and cannot outweigh the public's interest. Courts have routinely said that anonymity "has not

been permitted when only the plaintiff's economic or professional concerns are involved." Nat'l Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1245 (10th Cir. 1989). Such generalized assertions of fear do not outweigh the customary and constitutionally-protected presumption of openness in judicial proceedings. See Frank, 951 F.2d at 323–24; Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011); Qualls v. Rumsfeld, 228 F.R.D. 8, 12 (D.D.C. 2005). Where a plaintiff seeks an economic benefit from the suit—a dollar recovery from a statutory cause of action—there is even less justification for allowing a plaintiff to proceed anonymously. See, e.g., Harapeti v. CBS Television Stations, Inc., No. 20-CV-20961, 2021 WL 1341524, at *3 (S.D. Fla. Apr. 9, 2021) (citing Luckett v. Beaudet, 21 F. Supp. 2d 1029, 1030 (D. Minn. 1998)).

This lawsuit is a public event. Plaintiff voluntarily decided to file his Complaint in federal court, which follows Federal Rule of Civil Procedure Rule 10(a). Plaintiff has not shown that this case is one that justifies the exceptional and rare circumstance of a party's anonymity. Accordingly, the allegations in the Motion fail to overcome the constitutionally-protected presumption of openness in judicial proceedings.

## CONCLUSION

As the foregoing demonstrates, Plaintiff's purely personal interest in remaining anonymous does not outweigh the strong presumption of openness in public judicial proceedings. Accordingly, Plaintiff's Motion must be denied, and this Court should dismiss the Complaint and require Plaintiff to litigate in his real name.

Dated this 13th day of July, 2023.

Respectfully submitted,

*s/ Sacha Dyson*
SACHA DYSON
Florida Bar No. 509191
sacha.dyson@gray-robinson.com
KEVIN M. SULLIVAN
Florida Bar No.: 1003812
kevin.sullivan@gray-robinson.com
GRAYROBINSON, P.A.
401 East Jackson Street, Suite 2700
Post Office Box 3324 (33601-3324)
Tampa, Florida 33602
Tel:  (813) 273-5000
Fax:  (813) 273-5145
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Nicholas J. Castellano, II, Esq., and Kevin M. Griffith, Esq., Attorneys for Plaintiff.

*s/ Sacha Dyson*
Attorney