**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Sam M. Gibbons U.S. Courthouse
Office of the Clerk
801 North Florida Avenue
Tampa, FL 33602
(813) 301-5400
www.flmd.uscourts.gov

| | |
|---|---|
| Elizabeth M. Warren | Kristin Esposito |
| Clerk of Court | Tampa Division Manager |

**DATE:** September 20, 2023

**TO:**   Clerk, U.S. Court of Appeals for the Eleventh Circuit

---

JOHN DOE,

    Plaintiff,

v.                                                                              Case No: 2:23-cv-245-SPC-KCD

FLORIDA GULF COAST UNIVERSITY BOARD OF
TRUSTEES,

    Defendant.

---

**U.S.C.A. Case No.:**        **TBD**

Enclosed are documents and information relating to an appeal in the above-referenced action. Please acknowledge receipt on the enclosed copy of this letter.

- Honorable Sheri Polster Chappell, United States District Judge appealed from.

- Appeal filing fee was paid.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from. Opinion was not entered orally.

- No hearing from which a transcript could be made.

ELIZABETH M. WARREN, CLERK

By:    s/G. Lobaina, Deputy Clerk

APPEAL, MEDIATION, TRLSET

## U.S. District Court
## Middle District of Florida (Ft. Myers)
## CIVIL DOCKET FOR CASE #: **2:23−cv−00245−SPC−KCD**

Doe v. Florida Gulf Coast University Board of Trustees  
Assigned to: Judge Sheri Polster Chappell  
Referred to: Magistrate Judge Kyle C. Dudek  
Cause: 28:1331 Fed. Question: Civil Rights Violation  

Date Filed: 04/06/2023  
Jury Demand: Plaintiff  
Nature of Suit: 448 Civil Rights: Education  
Jurisdiction: Federal Question  

**Plaintiff**

**John Doe**     represented by     **Nicholas Joseph Castellano , II**  
Buckman & Buckman, PA  
2023 Constitution Blvd  
Sarasota, FL 34231−4108  
941−923−7700  
Fax: 941−923−7736  
Email: nick@buckmanandbuckman.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Kevin Michael Griffith**  
McIntosh Law Firm  
766 Hudson Avenue  
Suite B  
Sarasota, FL 34236  
941−364−8002  
Fax: 941−957−0706  
Email: kgriffith@mcintoshlaw.biz  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Florida Gulf Coast University Board of Trustees**     represented by     **Sacha Dyson**  
GrayRobinson, P.A.  
401 E Jackson St Ste 2700  
PO Box 3324  
Tampa, FL 33601−3324  
813−273−5000  
Fax: 813−273−5145  
Email: sacha.dyson@gray−robinson.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Kevin M. Sullivan**  
GrayRobinson, PA  
401 E Jackson St Ste 2700  
Tampa, FL 33601−3324

813–273–0050
Fax: 813–273–0072
Email: kevin.sullivan@gray-robinson.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/06/2023 | 1 | COMPLAINT against Florida Gulf Coast University Board of Trustees with Jury Demand (Filing fee $402 receipt number AFLMDC–20698895) filed by John Doe. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Proposed Summons, # 9 Civil Cover Sheet) (Castellano, Nicholas) Modified text on 4/7/2023 (JK). (Entered: 04/06/2023) |
| 04/07/2023 | 2 | NEW CASE ASSIGNED to Judge Sheri Polster Chappell and Magistrate Judge Kyle C. Dudek. New case number: 2:23–cv–245–SPC–KCD. (ARC) (Entered: 04/07/2023) |
| 04/10/2023 | 3 | **CIVIL Action Order Signed by All Divisional Judges on 4/10/2023. (JK)** (Entered: 04/10/2023) |
| 04/10/2023 | 4 | SUMMONS issued as to Florida Gulf Coast University Board of Trustees. (JK) (Entered: 04/10/2023) |
| 04/10/2023 | 5 | NOTICE TO COUNSEL Kevin Michael Griffith of Local Rule 2.01(a), which requires membership or special admission in the Middle District bar to practice in the Middle District, except for the limited exceptions identified in the Rule. To apply for membership in the Middle District, visit www.flmd.uscourts.gov/for-lawyers. The attorney listed shall file a notice of compliance within fourteen days. Failure to comply with this notice within fourteen days will result in counsel being terminated from the docket sheet without further notice. (Signed by Deputy Clerk). (JK) (Entered: 04/10/2023) |
| 04/17/2023 | 6 | NOTICE of Compliance by John Doe (Griffith, Kevin) Modified text on 4/18/2023 (JK). (Entered: 04/17/2023) |
| 04/21/2023 | 7 | RETURN of service executed on April 17, 2023 by John Doe as to Florida Gulf Coast University Board of Trustees. (Castellano, Nicholas) (Entered: 04/21/2023) |
| 04/21/2023 | 8 | NOTICE of a related action per Local Rule 1.07(c) by John Doe. Related case(s): Yes (Castellano, Nicholas) (Entered: 04/21/2023) |
| 04/21/2023 | 9 | CERTIFICATE of interested persons and corporate disclosure statement by John Doe. (Castellano, Nicholas) Modified text on 4/21/2023 (JK). (Entered: 04/21/2023) |
| 05/04/2023 | 10 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1 Complaint, by Florida Gulf Coast University Board of Trustees. (Dyson, Sacha) Motions referred to Magistrate Judge Kyle C. Dudek. (Entered: 05/04/2023) |
| 05/04/2023 | 11 | **ENDORSED ORDER granting 10 Motion for Extension of Time. Given Defendant's motion is unopposed, and the Court otherwise finding good cause, the deadline to respond to the complaint is extended to May 30, 2023. Signed by Magistrate Judge Kyle C. Dudek on 5/4/2023. (Dudek, Kyle)** (Entered: 05/04/2023) |
| 05/30/2023 | 12 | NOTICE of Lead Counsel Designation by Sacha Dyson on behalf of Florida Gulf Coast University Board of Trustees. Lead Counsel: Sacha Dyson. (Dyson, Sacha) (Entered: 05/30/2023) |

| | | |
|---|---|---|
| 05/30/2023 | 13 | CORPORATE Disclosure Statement by Florida Gulf Coast University Board of Trustees. (Dyson, Sacha) (Entered: 05/30/2023) |
| 05/30/2023 | 14 | MOTION to Dismiss for Lack of Jurisdiction , MOTION to Dismiss for Failure to State a Claim by Florida Gulf Coast University Board of Trustees. (Attachments: # 1 Exhibit 1 – Petition for Writ of Certiorari, # 2 Exhibit 2 – Order Denying Petition for Writ of Certiorari. (Dyson, Sacha) (JTM). (Entered: 05/30/2023) |
| 05/31/2023 | 15 | NOTICE of a related action per Local Rule 1.07(c) by Florida Gulf Coast University Board of Trustees. Related case(s): Yes (Dyson, Sacha) (Entered: 05/31/2023) |
| 06/07/2023 | 16 | Unopposed MOTION for Extension of Time to File Response/Reply as to 14 MOTION to Dismiss for Lack of Jurisdiction, MOTION to Dismiss for Failure to State a Claim by John Doe. (Castellano, Nicholas) Motions referred to Magistrate Judge Kyle C. Dudek. Modified text on 6/7/2023 (JK). (Entered: 06/07/2023) |
| 06/07/2023 | 17 | **ENDORSED ORDER granting 16 Plaintiff's Unopposed Motion for Extension of Time to Respond to Defendant's Motion to Dismiss. Given the parties' agreement, and otherwise finding good cause, Plaintiff's response is due by 6/30/2023. Signed by Magistrate Judge Kyle C. Dudek on 6/7/2023. (BLW)** (Entered: 06/07/2023) |
| 06/07/2023 | | Set/reset deadlines as to 14 MOTION to Dismiss for Lack of Jurisdiction, MOTION to Dismiss for Failure to State a Claim. Responses due by 6/30/2023 (JK) (Entered: 06/07/2023) |
| 06/13/2023 | 18 | CASE MANAGEMENT REPORT. (Dyson, Sacha) (Entered: 06/13/2023) |
| 06/14/2023 | 19 | NOTICE of hearing: Preliminary Pretrial Conference set for 6/26/2023 at 09:00 AM via Zoom Video Conference before Magistrate Judge Kyle C. Dudek. Zoom instructions will be sent via separate email to counsel of record. (CGW) (Entered: 06/14/2023) |
| 06/15/2023 | 20 | NOTICE OF RESCHEDULING HEARING: The Preliminary Pretrial Conference hearing previously scheduled for 6/26/2023 is rescheduled. New scheduling date and time: Preliminary Pretrial Conference set for 7/10/2023 at 09:30 AM via Zoom Video Conference before Magistrate Judge Kyle C. Dudek. Zoom instructions will be sent via separate email to counsel of record. (CGW) (Entered: 06/15/2023) |
| 06/29/2023 | 21 | MOTION for Miscellaneous Relief, specifically to proceed anonymously by John Doe. (Castellano, Nicholas) Motions referred to Magistrate Judge Kyle C. Dudek. (Entered: 06/29/2023) |
| 06/30/2023 | 22 | RESPONSE in Opposition re 14 MOTION to Dismiss for Lack of Jurisdiction MOTION to Dismiss for Failure to State a Claim filed by John Doe. (Castellano, Nicholas) (Entered: 06/30/2023) |
| 07/10/2023 | 23 | ORAL MOTION for Extension of Time to File Designation of Lead Counsel by 7/17/2023 by John Doe. (CGW) Motions referred to Magistrate Judge Kyle C. Dudek. (Entered: 07/10/2023) |
| 07/10/2023 | 24 | Minute Entry. Virtual Proceedings held before Magistrate Judge Kyle C. Dudek: granting 23 Plaintiff's ORAL Motion for Extension of Time to File Designation of Lead Counsel by 7/17/23; PRELIMINARY PRETRIAL CONFERENCE held on 7/10/2023. (Digital) (CGW) (Entered: 07/10/2023) |
| 07/10/2023 | 25 | |

3

| | | |
|---|---|---|
| | | **CASE MANAGEMENT AND SCHEDULING ORDER:** Amended Pleadings due by 8/9/2023; Joinder of Parties due by 8/9/2023; Discovery due by 7/5/2024; Dispositive motions due by 8/2/2024; Pretrial statement due by 1/17/2025; All other motions due by 1/13/2025; Plaintiff disclosure of expert report due by 4/6/2024; Defendant disclosure of expert report due by 5/6/2024; Final Pretrial Conference set for 1/31/2025 at 09:30 AM in Ft. Myers Courtroom 5 D before Judge Sheri Polster Chappell; Jury Trial set for 2/3/2025 trial term in Ft. Myers Courtroom 5 D before Judge Sheri Polster Chappell. Conduct mediation hearing by 7/12/2024. Lead counsel to coordinate dates. Signed by Magistrate Judge Kyle C. Dudek on 7/10/2023. **(CGW)** (Entered: 07/10/2023) |
| 07/10/2023 | 26 | NOTICE of Lead Counsel Designation by Nicholas Joseph Castellano, II on behalf of John Doe. Lead Counsel: Nicholas J. Castellano, II. (Castellano, Nicholas) (Entered: 07/10/2023) |
| 07/13/2023 | 28 | RESPONSE in Opposition re 21 MOTION for Miscellaneous Relief, specifically to proceed anonymously filed by Florida Gulf Coast University Board of Trustees. (Dyson, Sacha) (Entered: 07/13/2023) |
| 09/08/2023 | 29 | **ORDERED: Plaintiff's Motion to Proceed Anonymously (Doc. 21) is DENIED. Signed by Judge Sheri Polster Chappell on 9/8/2023. (AEH)** (Entered: 09/08/2023) |
| 09/08/2023 | 30 | **ORDERED: Defendant's Motion to Dismiss (Doc. 14) is GRANTED in part and DENIED in part. Plaintiff's Complaint (Doc. 1) is DISMISSED. Counts 1 and 3 are dismissed with prejudice. Count 2 is dismissed without prejudice. Plaintiff may file an amended complaint in compliance with this Order on or before September 19, 2023. Failure to file an amended complaint will result in the Court closing this case without further order/notice. Signed by Judge Sheri Polster Chappell on 9/8/2023. (AEH)** (Entered: 09/08/2023) |
| 09/19/2023 | 31 | NOTICE OF APPEAL as to 29 Order on Motion for Miscellaneous Relief by John Doe. Filing fee $ 505, receipt number AFLMDC–21265402. (Castellano, Nicholas) (Entered: 09/19/2023) |

4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN DOE,

    Plaintiff,

v.                                          Case No.:   2:23-cv-245-SPC-KCD

FLORIDA GULF COAST
UNIVERSITY BOARD OF
TRUSTEES,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff John Doe's Motion to Proceed Anonymously. (Doc. 21).  Doe, a former student of Florida Gulf Coast University ("FGCU"), is challenging the Defendant FGCU Board of Trustees' actions in investigating a claim of sexual harassment made against him by another student, Jane Roe. He moves to proceed anonymously "up to the point of trial" to protect his privacy.  (Doc. 21).[1]  FGCU responds that Doe's privacy interest does not outweigh the presumption of public access to court proceedings. (Doc. 28). Because Doe has not overcome this presumption, the motion is denied.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

5

## BACKGROUND[2]

This is a sex discrimination case. Doe and Roe dated for a short period of time in 2019. After their relationship ended, both attended FGCU. While students at FGCU, they engaged in consensual sex. On one occasion in the early morning hours of October 6, 2019, Roe alleged Doe had sex with her when she was too intoxicated to consent. The day and night of the alleged incident is detailed in the complaint (Doc. 1), along with screenshots of the text messages exchanged between the two. Roe had been drinking alcohol that night and Doe had been smoking marijuana.

By the end of 2019, Doe's and Roe's relationship cooled. Around that same time, Roe told Doe she suspected she might have a sexually transmitted disease. Roe texted Doe off and on through the beginning of 2020, but Doe did not respond. Then, in August 2020, FGCU notified Doe that Roe had filed a complaint against him, claiming that their sexual encounter in October 2019 was non-consensual.

FGCU investigated the complaint, and that investigation is the heart of this dispute. Doe alleges the investigation was inadequate. He says he was never provided with the complaint, the investigative report, or any evidence Roe submitted against him. He was also never allowed to cross-examine Roe.

---

[2] The Court highlights the facts from the complaint relevant to the decision here.

2

At bottom, Doe alleges that FGCU failed to follow its own policy for dealing with Roe's complaint against him.

Following its investigation, FGCU determined Doe was responsible for sexual harassment in the form of non-consensual sexual activity. Doe's request for reconsideration was denied. He was issued an administrative counseling referral, received an 8-month disciplinary probation, and a 4-month suspension from school. Doe filed an appeal, then exhausted his administrative remedies, and sought a writ of certiorari in the Twentieth Judicial Circuit, Lee County, which was denied.

Doe brings three counts: (1) violation of procedural due process rights under 42 U.S.C. § 1983; (2) violation of Title IX under 20 U.S.C. § 1681; and (3) breach of contract. He seeks lost future earnings and earnings capacity, damage from the delay in pursuing his college degree, and other compensatory damages.

**LEGAL STANDARD**

Generally, "every pleading . . . must name all the parties." Fed. R. Civ. P. 10(a). The rule does not merely further administrative convenience–"[i]t protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). In "the exceptional case[,] . . . a plaintiff may proceed under a fictitious name." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

3

The exception is narrow; parties may use "fictitious name[s]" only in "exceptional case[s]." *Id.* "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.*

Performing this balancing test requires the Court to consider the totality-of-the-circumstances, the first step of which "is to consider whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020). All circumstances are to be considered, which, in other cases, have included: "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Plaintiff B*, 631 F.3d at 1316. "It is within a court's discretion to allow a plaintiff to proceed anonymously." *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996).

## DISCUSSION

Doe argues that all first-step factors favor him. Doe alleges the first factor falls easily in his favor because FGCU is a public university that receives

federal funding. Yet it isn't necessarily that cut and dry. As the Eleventh Circuit has explained, "no published opinion that we are aware of has ever permitted a plaintiff to proceed anonymously merely because the complaint challenged government activity." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 686 (11th Cir. 2001). "While the college is alleged to be a public college and political subdivision, it is not the 'government' in the traditional sense." *Doe v. Valencia Coll.*, No. 6:15-cv-1800-ORL-40DAB, 2015 WL 13739325, at *2 (M.D. Fla. Nov. 2, 2015) (declining to permit a student to proceed anonymously in an action challenging disciplinary proceedings in which the student was sanctioned for sexual harassment and other misconduct). "While suing a private defendant gives more reason not to grant the plaintiffs' request for anonymity, the Eleventh Circuit has never held that there is more reason to grant a plaintiff's anonymity if the plaintiff is suing the government." *Doe #1-#14 v. Austin*, No. 3:21-CV-1211-AW-HTC, 2021 WL 10395929, at *1 (N.D. Fla. Dec. 1, 2021) (internal quotations omitted); *see also Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) ("[I]n only a very few cases challenging governmental activity can anonymity be justified."). Thus, this factor does not weigh in favor of granting Doe's request.

The second factor—whether the plaintiff would be compelled to disclose information of "the utmost intimacy"—"has historically yielded a confined application." *Doe v. Austin*, No. 3:22-cv-121-JLB-SPF, 2022 WL 2116797, at

5

\*3 (M.D. Fla. June 10, 2022). Doe alleges that compelling him to reveal his identity would subject him to undue harm, both personally and financially, for an act that he denies making and is under review here. Absent anonymity, Doe claims he will be required to divulge to the public information regarding sexual activity between himself and Roe, allegations regarding STDs, text messages where Doe describes drinking alcohol and taking drugs (both of which may have been illegal at the time), and FGCU's determination that he committed sexual harassment. (Doc. 21 at 5). Doe says revealing his identity will cost him for years to come, as records of this case will come up in searches by potential employers. (Doc. 21 at 5).

Doe's request is not run-of-the-mill. Requests to proceed anonymously are often made by sexual assault victims. And historically, courts have not allowed sexual assault victims to proceed anonymously, even if the disclosure would cause personal embarrassment. *See Plaintiff B*, 631 F.3d at 1316. In other contexts, many courts within the Eleventh Circuit have declined to grant anonymity to plaintiffs facing the prospect of exposure as an alcoholic, a sex offender, a transgender individual, and even an adult victim of rape. *See Frank*, 951 F.2d at 324 (alcoholic); *Doe v. Samford Univ.*, No. 2:21-CV-00871-ACA, 2021 WL 3403517, at \*2 (N.D. Ala. July 30, 2021) (sex offender); *Doe v. Reyes 1, Inc.*, No. 5:19-CV-320-TES, 2019 WL 12493582, at \*1 (M.D. Ga. Aug. 19, 2019) (transgender individual); *Doe v. Sheely*, 781 F. App'x 972, 974 (11th

6

Cir. 2019) (rape victim). In these cases, even the risk of social stigma attached to the disclosure was not found to be enough to overcome the presumption of openness in court proceedings.

Yet given the discretionary standard, it is not surprising that there are similar cases granting anonymity with sexually exploited minor children, personal religious beliefs, and homosexuality. *See, e.g., Plaintiff B*, 631 F.3d at 1315 (minor children); *Roe*, 253 F.3d at 685 (abortion); *Stegall*, 653 F.2d at 186 (prayer in public schools); *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 438-39 (S.D.N.Y. 1988) (homosexuality). And sometimes a plaintiff may face so great a "danger of physical harm" that the plaintiff's interest in access to the judicial system outweighs the public's interest in judicial openness. *Frank*, 951 F.2d at 324.

Here, none of the concerns Doe raises are so highly sensitive as to outweigh "the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B*, 631 F.3d at 1315. Divulging sexual activity between himself and Roe is not a basis for anonymity. Doe presents the Court with no precedent allowing anonymity where consensual sex is involved and even disclosure of sexual misconduct, when no other factors present such as minors involved or threat of violence or physical harm, qualify as information of the "utmost intimacy." *See Plaintiff B*, 631 F.3d at 1316.

As for the STD allegations, courts routinely consider cases—medical malpractice cases, for example—involving medical histories of plaintiffs who sued in their own names. In general, "the fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Benjamin K. v. United Healthcare Servs.*, 2021 WL 2916711 (M.D. Fla. Jan. 15, 2021) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)); *see also Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 690 (11th Cir. 2001) ("[A] medical issue which, although sensitive and private, 'is not such a badge of infamy or humiliation in the modern world that its presence should be an automatic ground for concealing the identify of a party to a federal suit.'") (quoting *Doe*, 112 F.3d at 872). Besides, based on the documents Doe provided, the information regarding sexually transmitted infections show that Roe was potentially infected, not Doe. *See* Investigative Report (Doc. 1-2 at 3). And to the extent there are sensitive medical records or information that becomes relevant, privacy interests can be addressed through a protective order. *See, e.g., Doe v. Austin*, 2021 WL 10395929, at *2 (N.D. Fla. Dec. 1, 2021) (denying motion for leave to proceed anonymously finding that "it is not enough to assert that the plaintiffs' medical histories might be at issue" and "to the extent there are sensitive

8

medical records or information that becomes relevant, privacy interests can be addressed through a protective order").

At bottom, weighing the risk that requiring Doe to proceed with his suit without anonymity would require him to disclose "information of the utmost intimacy" against the presumption of openness, anonymity must be denied. This just is not one of those "exceptional cases" that warrant such treatment.

As for the final factor, Doe failed to identify a legitimate risk of criminal prosecution. Doe alleges the anonymity is needed because Doe and Roe admit to underage drinking and taking drugs, and because FGCU determined Doe committed sexual harassment. But Doe has not been subjected to any criminal investigation or proceeding related to Roe's accusations, nor is there any indication he will be. The sexual encounter and discussions about alcohol and drug use occurred nearly four years ago. Doe speculates there is a risk of prosecution for unlawful possession of alcoholic beverages and possession of marijuana, but both are misdemeanors in Florida with one- and two-year statute of limitations. Fla. Stat. § 775.15(c), (d). Thus, criminal prosecution for Doe's drug and alcohol use in 2019 is not possible now. Doe also does not allege that criminal charges are forthcoming.

One final issue. Doe requests that Roe be allowed to proceed anonymously due to the sensitive nature of the information that will be disclosed in this case. (Doc. 21 at 6). FGCU does not take a position on this

9

request.  The Court finds it unnecessary to decide that issue now.  To the extent it comes up in a specific context during the proceedings, the Court can address it then.

Accordingly, it is **ORDERED**:

Plaintiff's Motion to Proceed Anonymously (Doc. 21) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this September 8, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

10

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

Case No.: 2:23-cv-00245-SPC-KCD

JOHN DOE,

    Plaintiff,

vs.

FLORIDA GULF COAST UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.

_____/

## NOTICE OF APPEAL

Notice is hereby given that the Plaintiff in the above-named action, JOHN DOE, appeals to the United States Court of Appeals for the Eleventh Circuit from the Court's Opinion and Order Denying Plaintiff's Motion to Proceed Anonymously (Doc. 29) dated September 8, 2023.

DATED this 19th day of September, 2023, and respectfully submitted by:

                  */s/ Nicholas J. Castellano, II*
                  Nicholas J. Castellano, II, Esq.
                  Florida Bar Number: 0118601
                  E-Mail: nick@buckmanandbuckman.com

                  **BUCKMAN & BUCKMAN, P.A.**
                  2023 Constitution Blvd.
                  Sarasota, FL 34231
                  Telephone:  (941) 923-7700
                  Fax:          (941) 923-7736

/s/ *Kevin M. Griffith*
Kevin M. Griffith, Esq.
Florida Bar Number: 0102647
E-Mail: kgriffith@mcintoshlaw.biz

**MCINTOSH LAW**
766 Hudson Ave., Suite B
Sarasota, FL 34236
Telephone:  (941) 364-8002
Fax:            (941) 957-0706

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 19, 2023, a copy of the foregoing was filed with the Clerk of Court by using the CM/ECF electronic filing system, which automatically distributes am electronic copy to all counsel of record.

/s/ *Nicholas J. Castellano, II*
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601