IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No.: 2:23-cv-00245-SPC-KCD

JOHN DOE,

    Plaintiff,

vs.

FLORIDA GULF COAST UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE AND INCORPORATED MOTION TO STAY PENDING APPEAL**

COMES NOW, Plaintiff, by and through his undersigned counsel, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and hereby submits this Response to the Court's Order to Show Cause (Doc. 33) and an incorporated Motion to Stay this case pending Appeal of the Court's Order denying Plaintiff's motion to proceed anonymously, stating as follows:

**BACKGROUND AND FACTS**

1. On September 8, 2023, the Court issued Orders on Defendant's Motion to Dismiss (Doc. 30) and on Plaintiff's Motion to Proceed Anonymously (Doc. 29).

2. In the Court's Order on Defendant's Motion to Dismiss, the Court referenced the denial of Plaintiff's Motion to Proceed Anonymously, and held "Given the Court's recent decision denying that motion (Doc. 29), Doe must file any amended complaint under his real name."

3. Moreover, the Court held that Plaintiff must file the amended complaint on or before September 19, 2023.

4. On September 19, 2023, Plaintiff filed a Notice of Appeal of the Court's Order on Plaintiff's Motion to Proceed Anonymously (Doc. 31).

5. Plaintiff resisted filing an amended complaint at that time because he could not comply with the Court's Order to file the complaint under his real name while the issue was properly preserved for appeal.

6. Plaintiff filed an Amended Notice of Appeal on September 27, 2023, specifically noting the appeal was submitted under 28 U.S.C. § 1291, pursuant to the collateral order doctrine.

7. Upon review of the Court's docket and the Court's Order to Show Cause, Plaintiff was remiss in not filing a motion to stay the case pending appeal, pursuant to F.R.C.P. 8(a).

8. Accordingly, Plaintiff now moves this Honorable Court for an Order staying this case pending the appeal, and for the stay to remain in place until the completion of the appeal.

## ARGUMENT

I. **Legal Framework**

   a. **The Court's decision regarding Plaintiff's anonymity is immediately appealable under 28 U.S.C. § 1291 as a final judgment, and accordingly, the Notice of Appeal automatically transfers jurisdiction to the Court of Appeals.**

The appeal filed in this case is pursuant to 28 U.S.C. § 1291 under the "collateral order doctrine" of the United States Supreme Court, first enunciated in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). Under the collateral order doctrine, a trial court order is final and appealable under Section 1291 when it represents a "final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." *Southern Methodist University Ass. of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 711 (5th Cir. 1979)[1], quoting *Cohen*, 337 U.S. at 546.

To fall within this doctrine, the Court's determination of the Plaintiff's right to proceed anonymously must fulfill three requirements: (1) the issue must have been truly disposed of by this Court; (2) the order must not be a step towards a final judgment on the merits and the anonymity issue must be "completely collateral to the cause of action asserted"; and (3) the Court's ruling must affect "important right(s) which would be lost, probably irreparably, it review ad to await final judgment, hence, to be effective, appellate review in this special, limited setting (must) be immediate." *Southern Methodist*, 599 F.2d at 711-12, quoting *Abney v. United States*, 431 U.S. 651 (1977).

Binding precedent from the Fifth Circuit holds that whether a party can proceed anonymously is a final appealable order under the collateral order

---

[1] Under *Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981), since *Southern Methodist* is a pre-October 1, 1981 case, it is binding precedent in the Eleventh Circuit.

3

doctrine. See *Southern Methodist*, 599 F.2d at 712 and *Doe v. Stegall*, 653 F.2d 180, 183 (5th Cir. 1981).

Appeals under the collateral order doctrine are appeals as of right from a final order under 28 U.S.C. § 1291. *Cohen*, 337 U.S. at 541. As a consequence, Plaintiff believes the filing of the Notice of Appeal automatically transfers jurisdiction of this case to the Eleventh Circuit Court of Appeals. Even assuming that is not the case, equity and justice require the Court to enter a stay in this case, as discussed *infra*.

### b. Seeking a Stay Pending Appeal

Federal Rule of Civil Procedure 8(a) allows a party to move the district court to issue a stay pending appeal.

A party seeking a stay pending appeal must show: (1) likelihood of success on the merits, (2) irreparable injury absent a stay, (3) lack of substantial prejudice to the other side, and (4) that a stay would serve the public interest. *Nken v. Holder*, 556 U.S. 418, 425-26 (2009).

If the balance of equities weighs heavily in favor of a stay, the first prong is relaxed- a stay may be granted if the appeal presents a "substantial case on the merits" instead of a likelihood of success. *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1370 (11th Cir. 2022).

## II.   The balance of equities weighs heavily in favor of a stay.

In this case, Plaintiff is unable to proceed in accordance with the Court's mandate to do so in his own name without completely sacrificing his right to

4

judicial review. This type of cause is a fundamental reason courts stay cases pending appeal. See *Nken*, 556 U.S. at 421 ("A stay does not make time stand still, but does hold a ruling in abeyance to allow an appellate court the time necessary to review it.").

Moving to the test enunciated by *Nken*, Plaintiff does have a substantial case on the merits as to his anonymity (Plaintiff refers the Court back to the arguments presented in his motion). Second, Plaintiff will suffer irreparable harm if forced to proceed in this case in any fashion pending the appeal, as the Court's Order would require he do so in his own name. Third, Defendant suffers no prejudice by a stay. This case involves disciplinary hearings and determinations that have long been completed, and are essentially "set in stone." The only true effect of a stay here is to preserve the status quo, which has no prejudicial effect on Defendant.

Last, a stay serves the public interest by allowing the appellate court to review a decision that will have a personal and profound effect not only on the Plaintiff here, but on Title IV litigants throughout our circuit and country.

**WHEREFORE**, for the reasons stated herein, Plaintiff respectfully requests this Honorable Court to issue an Order staying this case pending appeal, and granting any such other and further relied the Court deems just and proper.

### CERTIFICATE OF COMPLIANCE WITH L.R. 3.01(g)

I HEREBY CERTIFY that the undersigned conferred with opposing counsel on September 27, 2023, who indicated that they needed to confer with their client and would provide their position as soon as possible. The undersigned will provide

notice to the Court of Defendant's position regarding the instant Motion immediately after same is received from Defendant's counsel.

DATED this 27th day of September, 2023, and respectfully submitted by:

*/s/ Nicholas J. Castellano, II*
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601
E-Mail: nick@buckmanandbuckman.com

**BUCKMAN & BUCKMAN, P.A.**
2023 Constitution Blvd.
Sarasota, FL 34231
Telephone:  (941) 923-7700
Fax:            (941) 923-7736


*/s/ Kevin M. Griffith*
Kevin M. Griffith, Esq.
Florida Bar Number: 0102647
E-Mail: kgriffith@mcintoshlaw.biz

**MCINTOSH LAW**
766 Hudson Ave., Suite B
Sarasota, FL 34236
Telephone:  (941) 364-8002
Fax:            (941) 957-0706

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 27, 2023, a copy of the foregoing was filed with the Clerk of Court by using the CM/ECF electronic filing system, which automatically distributes am electronic copy to all counsel of record.

*/s/ Nicholas J. Castellano, II*
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601